**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4726**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

         versus

ALFRED PLEASANT HEMRIC, JR.,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge. (CR-04-16; CR-04-65; CR-04-66; CR-04-67; CR-04-68;
CR-04-69; CR-04-70; CR-04-71; CR-04-72)

———————

Submitted:  August 29, 2005          Decided:  November 1, 2005

———————

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Angela H.
Miller, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alfred Pleasant Hemric, Jr., appeals from his 300-month sentence entered pursuant to his guilty plea to robbery and firearm charges. Hemric contends that his designation as an armed career criminal and a career offender is precluded by the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), because his prior convictions were not charged in the indictment nor proven beyond a reasonable doubt. We affirm.

Hemric's claims are foreclosed by circuit precedent. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by jury was not violated by district court's reliance on his prior convictions for purposes of sentencing under the Armed Career Criminal Act); United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (holding similarly in the career offender context). Moreover, Hemric does not challenge any factual findings regarding his prior convictions, and he does not dispute the factual basis for the district court's conclusions that he was an armed career criminal and a career offender. Accordingly, Hemric's assertions that his sentence violated the Sixth Amendment are without merit. See Collins, 412 F.3d at 523 (holding that, where defendant did not dispute any of the facts supporting career offender status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Accordingly, we affirm Hemric's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED